IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

JASON A. HILL (DC 477543)
JOHN P. TUSTIN (TX 24056458)
Trial Attorneys
Natural Resources Section
J. BRETT GROSKO (Maryland Bar)
Trial Attorney
Wildlife and Marine Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, D.C. 20044-0663
Tel:    202-514-1024 (Hill)
        202-305-3022 (Tustin)
        202-305-0342 (Grosko)
Fax:    202-305-0506 (Hill and Tustin)
        202-305-0275 (Grosko)
Jason.Hill2@usdoj.gov
John.Tustin@usdoj.gov
Brett.Grosko@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR SIERRA NEVADA CONSERVATION, et al., | |
| Plaintiffs, | Case No. 2:09-CV-02523-LKK-JFM |
| v. | |
| UNITED STATES FOREST SERVICE, et al., | UNITED STATES' STATUS REPORT |
| Defendants. | |

The United States, by and through the undersigned counsel, hereby submits a Status Report, pursuant to the Court's Order Setting Status (Pretrial Scheduling) Conference (Dkt. 13), as amended (Dkt. 17, 36, 39). The Status (Pretrial Scheduling) Conference is currently set for **April 19, 2010 at 3:30 p.m.** Federal Defendants filed a Status Report (Dkt. 35) prior to an earlier cancelled Status (Pretrial Scheduling) Conference, and this document updates occurrences since that filing.

Case No. 2:09-CV-02523-LKK-JFM
Center for Sierra Nevada Conservation, et al. v. USFS
United States' Status Report

1. <u>Appearance of Defendants' Counsel at Scheduling Conference</u>. Federal Defendants' counsel Jason A. Hill will attend the conference in person due to his presence for a hearing set on April 19, 2010 at 10:00 a.m. before this Court in the related case of <u>Public Lands for the People, Inc. v. United States Department of Agriculture</u>, 2:09-cv-01750-LKK-JFM (E.D. Cal.) (J. Karlton). Federal Defendants' counsel John P. Tustin and J. Brett Grosko intend to participate by telephone and will be calling from (202) 305-3022 and (202) 305-0342, respectively.

2. <u>Matters Required to be Addressed by Order</u>.

   a. <u>Name(s) of the parties counsel represents</u>. United States Forest Service and Ramiro Villalvazo, in his official capacity as Forest Supervisor of the Eldorado National Forest ("ENF") (collectively "Federal Defendants").

   b. <u>Brief summary of facts alleged in complaint and characterization of legal theories under which recovery is sought or liability is denied</u>. As summarized in the Amended Complaint, "This is an action for declaratory and injunctive relief challenging the Record of Decision ('ROD') and the Final Environmental Impact Statement ('FEIS') issued by the [ENF] and the United States Forest Service ('USFS') for the [ENF] Travel Planning decision. . . . [Further,] Plaintiffs . . . challenge the decisions by the USFS denying their administrative appeals and approving the ROD and FEIS for the Eldorado Travel Planning decision." Complaint at ¶1. Plaintiffs allege the action arises under, and violates, the National Environmental Policy Act, the National Forest Management Act, the Endangered Species Act, the Administrative Procedure Act ("APA"), Executive Order 11644, as amended by Executive Order 11989, and implementing regulations protecting Plaintiffs' alleged and unspecified rights and interests. <u>Id.</u> at ¶2. Underlying Plaintiffs' challenges are the 2008 FEIS and the March 31, 2008 ROD for the ENF Public Wheeled Motorized Travel Management decision.

Federal Defendants deny that there has been any violation, and assert this Court lacks subject matter jurisdiction to review some or all of Plaintiffs' claims, one or more Plaintiffs failed to exhaust administrative remedies with regard to one or more of their claims, and Plaintiffs failed to state claims upon which relief may be granted.

Defendant Intervenors seek to have Plaintiffs' amended complaint dismissed with prejudice denying all claims for relief, and have judgment entered on behalf of Federal Defendants and Defendant Intervenors.

c. <u>Progress in service of process</u>. Service of process has been completed on all Federal Defendants.

d. <u>Possible joinder of additional parties</u>. Federal Defendants do not intend to seek joinder of any additional parties.

e. <u>Any expected or desired amendment of the pleadings</u>. Plaintiffs have amended their complaint (Dkt. 19). Federal Defendants have answered Plaintiffs' amended complaint (Dkt. 33). Defendant Intervenors have answered Plaintiffs' amended complaint (Dkt. 21-2). Federal Defendants do not anticipate the need to further amend any pleadings in this case.

f. <u>The statutory basis for jurisdiction and venue</u>. Plaintiffs allege jurisdiction is proper in this Court under 28 U.S.C. § 1331(federal question), 2201 (declaratory relief), and 2202 (injunctive relief). Complaint at ¶5. Judicial review is also sought pursuant to the APA, 5 U.S.C. §§ 705 and 706. <u>Id.</u> at ¶5. With respect to venue, Plaintiffs allege venue is proper in this Court pursuant to 28 U.S.C. § 1391 or 1392. Federal Defendants challenge the Court's alleged subject matter jurisdiction for some or all of Plaintiffs' claims for the reasons to be set forth in subsequent briefing.

g. <u>Anticipated motions and the scheduling thereof</u>.

Federal Defendants believe Plaintiffs' claims may be disposed of on summary

1 judgment pursuant to the APA standard of review based upon a record to be
2 compiled by Federal Defendants. The parties have already discussed and agreed to
3 a proposed briefing schedule. Specifically, the parties agree that Federal Defendants
4 will lodge a record. The parties will attempt to amicably resolve any issues
5 concerning the scope and content of the record before moving the Court for relief.
6 Any issues which the parties cannot resolve among themselves shall be presented to
7 the Court no later than 90 days after Federal Defendants lodge the record with the
8 Court, with any response due no later than 30 days after such motion is filed, and any
9 reply due no later than 15 days after such response is filed. Plaintiffs shall file their
10 motion for summary judgment no later than 60 days after the final resolution of any
11 disputes concerning the record, whether by agreement or court order. Federal
12 Defendants shall file their combined motion for summary judgment and response no
13 later than 45 days after Plaintiffs file their motion for summary judgment. Plaintiffs'
14 combined response and reply shall be filed no later than 45 days after Federal
15 Defendants file their combined motion for summary judgment and response. Federal
16 Defendants shall file their reply no later than 20 days after Plaintiffs file their
17 combined response and reply. Pursuant to the stipulation of the parties and the
18 Court's Order granting intervention (Dkt. 39), Defendant Intervenors shall file any
19 motions, responses, and replies, limited to matters not already briefed by Federal
20 Defendants, no later than 7 days after any deadline for Federal Defendants, and any
21 response or reply by Plaintiffs to Defendant Intervenors shall be combined into
22 Plaintiffs' response or reply to Federal Defendants. The parties anticipate submitting
23 a proposed joint scheduling agreement to the Court for approval, consistent with the
24 terms outlined herein.
25     h. <u>Anticipated discovery and the scheduling thereof</u>. Federal Defendants do not
26 anticipate that any discovery will be necessary or appropriate. Plaintiffs' claims are
27
28 Case No. 2:09-CV-02523-LKK-JFM
Center for Sierra Nevada Conservation, et al. v. USFS
United States' Status Report     Page 4

to be reviewed pursuant to the APA based upon an administrative record to be compiled by Federal Defendants. <u>See</u>, <u>e.g.</u>, <u>Camp v. Pitts</u>, 411 U.S. 138, 142 (1973) ("the focal point for judicial review" should be the administrative record compiled by the agency). Accordingly, discovery is not appropriate for this case.

    i.    <u>Future proceedings, including setting appropriate cut-off dates for discovery, law and motion, and the scheduling of pre-trial conference and trial</u>. Federal Defendants anticipate nothing other than what is already set forth elsewhere herein.

    j.    <u>Appropriateness of special procedures</u>. As discussed above, Plaintiffs' claims are to be reviewed pursuant to the record review procedures of the APA.

    k.    <u>Whether any parties have timely demanded a trial by jury</u>. As discussed above, Plaintiffs' claims in this action are to be reviewed pursuant to the record review procedures of the APA, and a jury trial would be improper.

    l.    <u>Estimate of trial time</u>. As discussed above, Federal Defendants take the position that a trial is unnecessary and inappropriate in this action.

    m.    <u>Modifications of standard pretrial procedures specified by the local rules due to the relative simplicity or complexity of this action</u>. As discussed above, Plaintiffs' claims are to be reviewed pursuant to the record review procedures applicable under the APA, and it is anticipated Plaintiffs' claims will be resolved upon cross-motions for summary judgment.

    n.    <u>Whether the case is related to any other cases, including any matters in bankruptcy</u>. This case is related to <u>Center for Sierra Nevada et al. v. John Berry, Eldorado National Forest Supervisor, et al.</u>, 2:02-cv-00325-LKK-JFM (E.D. Cal.) (J. Karlton) and <u>Public Lands for the People, Inc. v. United States Department of Agriculture</u>, 2:09-cv-01750-LKK-JFM (E.D. Cal.) (J. Karlton).

    o.    <u>Whether counsel will stipulate to the trial judge acting as settlement judge</u>. Federal Defendants presently view the prospects for settlement of this case as poor. To the

Case No. 2:09-CV-02523-LKK-JFM
Center for Sierra Nevada Conservation, et al. v. USFS
United States' Status Report    Page 5

extent a settlement conference is nonetheless scheduled, Federal Defendants do not stipulate to the trial judge acting as a settlement judge and do not waive any disqualification by virtue thereof.

    p.   <u>Stipulation regarding Voluntary Dispute Resolution Program ("VDRP") pursuant to Local Rule 16-271</u>. Counsel for Federal Defendants understand and have explained to their clients the local VDRP rules and processes, and with the assistance of the undersigned counsel, their clients have carefully considered whether this case might benefit from participation in VDRP. Federal Defendants do not believe referral to the VDRP would be beneficial in this action and do not stipulate to such a referral. Counsel for Federal Defendants have shared these views regarding VDRP with counsel for Plaintiffs.

    q.   <u>Any other matters which may be conducive to the just, efficient, and economical determination of the action</u>. The parties discussed, but could not agree upon, appropriate timing for Plaintiffs to file declarations proving their standing to maintain this case. To maximize efficiency of the Court's and parties' resources, Federal Defendants believe resolving any issues regarding Plaintiffs' standing should be handled prior to the start of summary judgment briefing. In addition, the Court has an independent obligation to assure standing exists regardless of whether it is challenged by any of the parties. <u>Summers v. Earth Island Institute</u>, 129 S.Ct. 1142, 1152 (2009) ("Without individual affidavits, how is the court to assure itself . . . ?"). Standing requires a factual showing of perceptible harm, and plaintiffs claiming organizational standing should be required to identify members who have suffered the requisite harm. <u>Id.</u> Federal Defendants believe the 90 day period for resolving issues with the record, already included in the agreed proposed schedule, could be efficiently used to simultaneously resolve any standing issues. Accordingly, Federal Defendants would recommend that the Court order Plaintiffs to produce sworn

Case No. 2:09-CV-02523-LKK-JFM
Center for Sierra Nevada Conservation, et al. v. USFS
United States' Status Report     Page 6

1  declarations establishing standing no later than 15 days after Federal Defendants
2  lodge the record in this case.
3  Due to the anticipated volume of the administrative record in this case,
4  Federal Defendants would recommend producing the record to the Court on disc(s)
5  in electronic format only.
6  Respectfully submitted this 9th day of April, 2010.

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

 /s/ Jason A. Hill
Jason A. Hill
Trial Attorney

 /s/ John P. Tustin
John P. Tustin
Trial Attorney

 /s/ J. Brett Grosko
J. Brett Grosko
Trial Attorney

OF COUNSEL
Rose Miksovsky
U.S. Department of Agriculture
Office of the General Counsel
33 New Montgomery St., 17th Floor
San Francisco, CA 94105