PAUL A. TURCKE (admitted *pro hac vice*)
MOORE SMITH BUXTON & TURCKE,
CHARTERED
950 W. Bannock Street, Suite 520
Boise, Idaho 83702
Telephone:  (208) 331-1800
Facsimile:  (208) 331-1202
pat@msbtlaw.com

DENNIS PORTER (Cal. Bar #67176)
Attorney at Law
8120 36th Avenue
Sacramento, CA 95824-2304
Telephone:  (916) 381-8300
Facsimile:  (916) 381-8726
dlporter2@yahoo.com

Attorneys for Defendant-Intervenors

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR SIERRA NEVADA CONSERVATION, et al.<br><br>             Plaintiffs,<br>vs.<br><br>UNITED STATES FOREST SERVICE, et al.<br><br>             Defendants,<br>and<br><br>CALIFORNIA ASSOC. OF 4 WHEEL DRIVE CLUBS, et al.<br><br>             Defendant-Intervenors. | Case No. 2:09-CV-02523-LKK-JFM<br><br>**INTERVENORS' RESPONSE TO PLAINTIFFS AND STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Local Civil Rule 260, Defendant-Intervenors California Association of 4 Wheel Drive Clubs, *et al.*, hereby submit this Statement of Undisputed Facts in Support of Cross-Motion for Summary Judgment.

1.  The Defendant-Intervenors hereby adopt and incorporate herein the Federal Defendants' Response to Plaintiffs' Statement of Facts in Support of Motion for Summary Judgment and Statement of Additional Undisputed Facts in Support of Defendants' Cross-

INTERVENORS' RESPONSE TO PLAINTIFFS AND STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT - Page 1

Motion for Summary Judgment (Dkt. 57-1).  Intervenors additionally note the facts stated in the following paragraphs.

2. Litigation has been a part of travel management on the Eldorado National Forest since the late 1980s.  *See, e.g.,* TMAR005536-005573.  In 1995, the Chief of the Forest Service determined that the Forest failed to perform site-specific analysis in its 1990 off-highway-vehicle (OHV) plan and required the Forest to perform that analysis within 18 months of the 1995 appeal decision.  TMAR002394.

3. Preservation special interests here continued that litigation in 2002 when the Center for Sierra Nevada Conservation sued the Forest, claiming the Forest failed to conduct a forest-wide environmental review for the 1990 OHV Plan.  TMAR005501.  Three years later, in February 2005, this Court considered a variety of claims (and cross-claims raised by Intervenors) and ruled that the Forest's 1990 OHV Plan violated NEPA.  TMAAR005574.

4. Following the February 2005 order, in August 2005 the Court adopted the remedy proposed by the agency and ordered the Forest to withdraw the 1990 OHV Plan, issue a new final environmental impact statement that complied with regional and national guidelines for OHV route designation, as well as NEPA and NFMA, and to restrict private use of wheeled motor vehicles across the entire Forest, except in the Rock Creek Recreational Trails Area.  TMAR005635.

5. In response to the Court's order, and to implement the 2005 Final Travel Management Rule, the Forest issued a notice of intent to prepare an environmental impact statement on motorized travel management.  Defendant-Intervenor BlueRibbon Coalition submitted comments in response to scoping of the proposed action identified in the Notice of Intent on October 26, 2005.  TMAR000159-000164.  Those comments proposed an "Alternative

INTERVENORS' RESPONSE TO PLAINTIFFS AND STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT - Page 2

R," known as the "Balanced Recreation and Access Alternative." TMAR000162. Alternative R proposed to designate at a minimum all of the 2,830 miles of roads and trails then receiving OHV access, unless a particular route caused a considerable adverse effect, in which case review of the route would occur to mitigate against the adverse effects. *Id.* Additionally, the alternative sought designation of small open OHV areas and of zones and/or seasons in which regulated off-route travel for big-game retrieval would be permitted. TMAR 000163. The Forest eliminated this alternative from detailed analysis. TMAR002472.

6.   The only alternative in the DEIS that did not significantly reduce motorized access was Alternative A, the no-action alternative. TMAR001487 (noting that "use would continue on all existing routes"). Compared with the 2,830 miles of roads and trails then subject to OHV use, Alternative B would have authorized 1,120.8 miles of roads and 20.71 miles of trails; Alternative C would have authorized 1,064.1 miles of roads and 177.1 miles of trails; Alternative D would have authorized 844.3 miles of roads and 217.0 miles of trails; and Alternative E would have authorized 751.6 miles of roads and 136.3 miles of trails. *Id.*

7.   In comments to the Forest about the DEIS, the Defendant-Intervenors expressed concern that the Forest arbitrarily failed to consider alternatives that would have required forest plan amendments, TMAR000158; that it failed to analyze impacts of reducing motorized access opportunities, TMAR000153; that it closed large portions of the Forest to motorized access with only unspecified and optimistic promises to add routes in the future, TMAR000149; that it did not adequately maintain specific routes to traditional campsites, TMAR000156; that it did not adequately maintain access to dispersed campsites, TMAR002947; and that it unduly restricted access in Inventoried Roadless Areas and in areas recommended for wilderness, TMAR000155.

INTERVENORS' RESPONSE TO PLAINTIFFS AND STATEMENT OF UNDISPUTED
FACTS IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT - Page 3

8. After the Forest issued its Record of Decision and Final Environmental Impact Statement, the Defendant-Intervenors filed a notice of appeal, TMAR000092, which was denied, TMAR000478.

Respectfully submitted this 21st day of December, 2010.

        MOORE SMITH BUXTON & TURCKE, CHTD.

        /s/ Paul A. Turcke
        Paul A. Turcke

        DENNIS L. PORTER, ATTORNEY AT LAW

        /s/ Dennis L. Porter
        Dennis L. Porter

        Attorneys for Defendant-Intervenors